FRIEDBERGER v. THE BALTIMORE & OHIO SOUTH-
WESTERN RD. CO.

*Negligence — Obstruction in aisle of railroad coach — Train lurches and passenger injured — Contributory negligence — Presumption and burden of proof — Proximate cause.*

1. Where a passenger on a train of defendant leaves his seat in a day coach to go to another coach to see a party and in so doing, while stepping over a bag of linen in the aisle of the dining compartment in such coach, the train gives a lurch and such passenger is thereby injured, there is a clear presumption of contributory negligence which plaintiff must remove before he is entitled to recover.
2. In such case the proximate cause of the injury was the lurch of the train, and not the placing of the linen bag in the aisle.

(Decided April 16, 1917.)

ERROR: Court of Appeals for Hamilton county.

*Mr. Henry T. Hunt* and *Mr. E. P. Moulinier,* for plaintiff in error.

*Messrs. Harmon, Colston, Goldsmith & Hoadly,* for defendant in error.

HAMILTON, J. Meyer Friedberger brought suit in the common pleas court of Hamilton county, Ohio, against The B. & O. S. W. Rd. Co., claim-

ing to have been injured while a passenger on defendant's train going from Cincinnati to Louisville, alleging negligence on the part of the railroad company in placing a bag of linen in the passageway to the dining car and permitting said linen bag to remain in said aisle of the car. The defendant company made denial of negligence, alleging contributory negligence on the part of the plaintiff.

At the close of plaintiff's testimony defendant moved for an instructed verdict, which was granted and judgment rendered thereon. To this judgment plaintiff prosecutes error to this court.

The only witness testifying to the facts concerning the negligence complained of was the plaintiff. According to his testimony he took passage on defendant's train, on a day coach, to go from Cincinnati, Ohio, to Louisville, Kentucky; he left his seat in the day coach to go into the chair compartment of a combination dining and chair car to see a party on business, who he thought might be in the chair car compartment. To reach the chair car compartment he started to pass through the aisle or passageway leading into the dining compartment, and encountered a bag of linen in the aisle, which filled the aisle. He did not state how the bag got there, or how long it had been there, but it may be inferred that it was placed there by an employe of the defendant company. He further testified that he tried to step to the side of the bag, and then tried to push the bag with his foot, and failing in this endeavored to lift it with his hands, and not being able to do so undertook to step over the bag, and, as he lifted his foot

for that purpose, the train gave a lurch and he was thrown upon his back in the aisle and twisted his foot.

If we admit that there was some evidence tending to show that the bag had been placed in the aisle by the defendant company's employe and was permitted to remain there an appreciable time, still was not the testimony of the plaintiff sufficient to defeat his recovery upon the ground of contributory negligence?

The law governing this question as stated in *B. & O. Rd. Co.* v. *Whitacre,* 35 Ohio St., 627, is as follows:

"1. In an action for an injury, occasioned by negligence, where the circumstances require of plaintiff the exercise of due care to avoid the injury, and his testimony does not disclose any want of such care on his part, the burden is upon defendant to show such contributory negligence as will defeat a recovery.

"2. But if plaintiff's own testimony in support of his cause of action raises a presumption of such contributory negligence, the burden rests upon him to remove that presumption."

The uncontradicted evidence of the plaintiff is that he had traveled over this route on defendant's trains for more than forty years and was consequently fully acquainted with the curves and conditions of defendant's road. He was an old man, seventy years of age; he was safely seated in the day coach; on his own impulse or desire, while the train was in rapid motion, he got up from his seat in the day coach and started through the

train in search of a party who he thought might
be in the chair car compartment of the diner; and,
in passing through the aisle leading to the diner,
he encountered a bag of linen obstructing the aisle.
Not only was the bag in plain view of the plain-
tiff, but the plaintiff actually endeavored to remove
it, and then started to step over it, without making
any effort to have it removed by the employes of
the defendant company. And in his effort to step
over it the accident happened.

As to whether or not under this state of facts
there is any evidence of negligence on the part of
the defendant company admits of grave doubt; but,
aside from that, the plaintiff's testimony clearly
raises a presumption of contributory negligence
which the plaintiff failed to remove. Consequently
he must fail in his action. *Railroad Co.* v. *Whit-
acre, supra,* and *Cincinnati Traction Co.* v. *Ed-
wards, Admr.,* 22 C. C., N. S., 539.

Aside from the question of the contributory neg-
ligence of the plaintiff, the majority of the court
are further of the opinion that the proximate cause
of the injury was the lurch of the train, and not
the placing of the linen bag in the aisle, which
is the charge of negligence claimed in the petition.
The plaintiff's testimony was the only evidence
offered, and on page 7 of the record he says: "Took
the right foot, tried to step over it [the linen bag],
the car gave a lurch and threw me right in the
passage-way." This evidence is undisputed, and
clearly establishes the fact that the placing of the
linen bag in the aisle was not the immediate cause
of the injury.

The judgment of the court of common pleas is affirmed.

*Judgment affirmed.*

GORMAN, J., concurs.

JONES, P. J., dissenting. The question whether the obstruction made by the bag of soiled linen in the passageway of the car, or the lurching of the train, was the proximate cause of plaintiff's injury was not a question of law but of fact for the jury; as was also the question of whether plaintiff in attempting to step over this obstruction was guilty of contributory negligence. In my opinion the case should have been submitted to the jury, and the court erred in directing a verdict. *Ellis & Norton* v. *Ohio Life Ins. & Trust Co.,* 4 Ohio St., 644, and *Gibbs* v. *Village of Girard,* 88 Ohio St., 34.